No.34406 Western Worcester, ss.

LONERGAN, p.p.a. (Henry P. Grady)

v. GEORGE VENDITTI, INC.

 (MacCarthy, Manning & Ceaty)

From the Central District Court of Worcester—Wall, J.

Argued June 3, 1941—Opinion Filed July 15, 1941

---

MASON, J. (Hibbard, P. J., & Parker, J.)—This is an action to recover damages for personal injuries to the plaintiff caused by the fall of a stone negligently placed by the defendant in a dangerous position.

The defendant claims to be aggrieved by the refusal of the Trial Court to grant its requests for rulings numbered 2 and 3, and by its refusal to grant the defendant's motion for a postponement of the entry of finding and granting a new trial.

The requests for rulings referred to are as follows:

"2. In the instant case there is no evidence of any negligent act by the defendant;

"3. If it is found that the defendant had arranged the curbstones in a safe and careful manner completely off the sidewalk, he is not negligent if the location of the same is changed by the act of some third person which the defendant had no reason to anticipate."

The Trial Court refused these rulings in the following language:

"I decline to rule as requested in #2.

"I decline to rule as requested in #3 for the reason that I have found the defendant did not place the stones in a safe and careful manner."

The facts found by the Trial Court are simple, and may be briefly stated. On November 1, 1939, the defendant was employed by one Coris to remove three pieces of granite curbing from the street in front of land belonging to Coris. The defendant removed the stones, and placed them on the land of Coris. Two of these pieces were each between seven and eight

[ 107 ]

feet long, eighteen inches wide and eighteen inches thick. One of these slabs of granite was placed upon the lot parallel to the line of the street and close to it. A second stone was placed upon the first one so that it overhung the sidewalk about six inches. On November 6, 1939, the plaintiff, a girl eleven years old, was walking on the sidewalk near these stones. A girl who was with her cried "Look out!" The plaintiff turned to see what was the mater and the stone fell upon her foot causing the injuries complained of.

The evidence was conflicting, but there was evidence to sustain the finding of fact above stated and we cannot say that they did not justify the finding that the defendant was negligent, and that such negligence resulted in injury to the plaintiff. It follows that the defendant's second request for ruling was properly refused. The language of the Trial Court in refusing the defendant's third request for ruling shows that it was refused because it contained an assumption of fact contrary to the finding of the Trial Court.

After the Trial Court made its finding, the defendant filed a motion for new trial based on newly discovered evidence. The defendant was allowed to re-open the case. There was a hearing. Before a decision thereon the defendant filed a motion that the finding be postponed. This motion was based on affidavits of further newly discovered evidence.

These motions were denied upon hearing and the Court made a finding on January 17, 1941 identical with its first finding the only exception being the date of its entry.

The denial of the defendant's motion raises no question of law. It was clearly within the discretion of the Trial Court, and there was no abuse of such discretion.

The defendant has argued many questions not raised by the report. These we disregard entirely.

We find no prejudicial error and the report is dismissed.